Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, CA 92101
Telephone: (866) 512-2465
Facsimile: (619) 231-4984
blawler@pilotlawcorp.com

*Attorney for Marina Cote*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARINA COTE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE GUIDANCE CENTER, INC., a domestic corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATIONS OF 38 U.S.C. § 4301, ET SEQ**<br><br>**FILING FEE WAIVED PER 38 U.S.C. §4323(h)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MARINA COTE, hereby complains against Defendant, THE GUIDANCE CENTER, INC., and each of them, as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §4301 *et seq*. It is brought by Plaintiff MARINA COTE against Defendant, THE GUIDANCE CENTER, INC.

## PARTIES

2. Plaintiff, Marina Cote ("Plaintiff"), at all pertinent times alleged herein, is a United States citizen and a resident of the State of Arizona.

3. At all relevant times, Plaintiff was a qualified member of the uniformed services

for purposes of 38 U.S.C. §4303(3), (9), and (16), serving in the United States Navy Reserve ("USNR").

4.     Plaintiff is informed and believes and thereon alleges that Defendant, THE GUIDANCE CENTER, INC. ("TGC"), is registered as a domestic nonprofit corporation in the State of Arizona whose purposes include the "provision of behavioral and/or physical healthcare."[1] Defendant was and is an employer for purposes of 38 U.S.C. § 4303(4)(A), § 4311(a), and (c)(1).

5.     Whenever and wherever reference is made in this Complaint to any conduct of Defendants, or any of them, such allegations or references shall also be deemed to mean conduct of each Defendant, acting individually, jointly and severally.

## JURISDICTION AND VENUE

6.     Count I of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4335. The jurisdiction of this Court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because Defendant maintain a place of business in this district, as provided in 38 U.S.C. §4323(c)(2), 28 U.S.C. §1391(b). Divisional Venue is proper in this division because it is where Plaintiff's claim for relief arose, and where the Plaintiff resides, pursuant to E.D.Mo. L.R. 2.07(B)(1) and (B)(3), respectively.

7.     Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## FACTUAL BACKGROUND

8.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 7, inclusive, as though set forth at length herein and made a part of hereof.

9.     In March of 2018, TGC hired Plaintiff to the fill the position of Behavioral Health Specialist.

---

[1] According to publicly available records from the Arizona Secretary of State.

10. Approximately one year later, Plaintiff notified Defendant that she enlisted into the United States Navy Reserve ("USNR") as a Hospital Corpsman Dental Assistant. This notification included Plaintiff's expectation that her training would last approximately eight months, and that she intended to return to her position with Defendant upon completion of training.

11. Plaintiff completed her military training and was reemployed to her position with TGC in March of 2020.

12. In April of 2020, Plaintiff applied to the position of Lead Behavioral Health Specialist with at TGC. At some point during Plaintiff's consideration for the position, TGC's Manager of Human Resources, Ms. Susana Kean, contracted Mr. Richard Thomas. Mr. Thomas was employed at TGC as a Lead Behavioral Health Specialist and one of the TGC personnel responsible for interviewing and recommending prospective candidates for the open Lead Behavioral Health Specialist position for which Plaintiff applied. During their conversation, Ms. Kean raised Plaintiff's military status as a limiting factor regarding her eligibility to fill the Lead Behavioral Health Specialist position due to her obligation to perform monthly drills and potentially be mobilized to active duty. Accordingly, Plaintiff was disqualified from further consideration for the position.

13. The candidate that was chosen for the Lead Behavioral Health Specialist position at TGC that Plaintiff applied to was Kate Fitchie - a fellow TGC employee trained by Plaintiff, and whose roommate was one of the TGC staff with Mr. Thomas responsible for interviewing the recommending prospective candidates for selection to the Lead Behavioral Health Specialist position.

14. After Ms. Fitchie's selection to the Lead Behavioral Health Specialist position was made known to other TGC employees, Plaintiff asked Mr. Thomas for feedback about her interview. Mr. Thomas responded by telling Plaintiff that the reason she was not selected to the Lead Behavioral Health Specialist position was due to Plaintiff's military status and drilling obligations.

15. In May of 2020, another Lead Behavioral Health Specialist position became available at TGC but was offered to another TGC employee – Ms. Stormie Nelson – without interview or solicitation for applications, preventing Plaintiff for consideration for this position.

## **CAUSES OF ACTION**

16. Plaintiff hereby alleges and incorporates all paragraphs 1-15 above by reference herein.

17. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

18. Plaintiff's protected status as a USNR member was a substantial and motivating factor in Defendant's denial of Plaintiff's benefits of employment without good cause, including but not limited to, failing to promote Plaintiff because of her service obligations.

19. Section 4311(a) of USERRA provides, in relevant part, that a person "who is a member of . . . performs, has performed . . . or has an obligation to perform services in a uniformed service shall not be *denied… promotion…* or any *benefit of employment* by an employer on the basis of that membership . . . performance of service, or obligation." (italics added)

20. Defendant, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying her a promotion "on the basis of" her "obligation to perform service in a uniformed service."

21. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to loss of past earnings and benefits, and loss of future earnings and benefits, all to her damage in an amount to be proven at trial.

22. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of her lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

23. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable

attorney's fees, expert witness fees, and other litigation expenses.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. §4301, *et seq.*;

2. Require that Defendant fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to her as a result of the unlawful acts and practices under USERRA;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h);

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendant pay compensatory and/or liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendant's willful violations of USERRA;

6. Grant an award for costs of suit incurred; and

7. Grant such other and further relief as may be just and proper and which Plaintiff may be entitled to under all applicable laws.

DATED this 5th day of November, 2020.

>Respectfully submitted,
>*/s/ Brian J. Lawler*
>BRIAN J. LAWLER
>*Attorney for Plaintiff,*
>*Marina Cote*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

DATED this 5th day of November, 2020.

                Respectfully submitted,

                /s/ *Brian J. Lawler*
                BRIAN J. LAWLER
                *Attorney for Plaintiff,*
                *Marina Cote*